## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| AMISUB (SFH), INC. d/b/a SAINT FRANCIS HOSPITAL and SAINT FRANCIS HOSPITAL – BARTLETT, INC., | : : : : | |
| Plaintiffs, | : : | Case No. 2:21-cv-02308-JTF-atc |
| v. | : : | JURY DEMAND |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | : : : : | |
| Defendant. | : : | |

**CIGNA'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY**

Plaintiffs assume that the ***only*** relevant evidence of "reasonable value" for their out-of-network ("OON") emergency services are the amounts they receive from private payors, and that the amounts they receive from government payors, non-commercial insurance products, or uninsured patients (what Plaintiffs collectively call "Non-Commercial claims") are all irrelevant. (Pls.' Opp., ECF No. 67 ("Opp.") at 4.)   Plaintiffs cite zero Tennessee caselaw for this proposition—which is not surprising, since that is not the law.  Just the opposite:  Tennessee courts make clear that "there is no fixed formula for determining the reasonable value," and that a broad "range of evidence" informs that inquiry.  *See Bristol Anesthesia Servs., P.C. v. Carilion Clinic Medicare Res., LLC*, 2017 WL 9808013, at *1 (E.D. Tenn. Aug. 28, 2017) ("*Bristol I*").  That broad range of evidence is exactly what Cigna seeks here, to test Plaintiff's assertion that the "reasonable" value for their services is 75% of their billed charges.  (ECF No. 1, Compl. ¶¶ 8, 63.)

Plaintiffs ignore that the relevancy standard for discovery is "extremely broad."  *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999).  The amounts that Plaintiffs accept for their OON emergency services from sources other than private payors certainly are relevant to whether it is reasonable for Plaintiffs to expect Cigna to pay 75% of their billed charges for those exact same services.  Plaintiffs' attempts to explain why those other sources are different go to the ***weight*** of such evidence in the reasonableness analysis, not to whether it clears the low bar for relevance under Rule 26(b)(1).  Plaintiffs have not shown that the amounts they received for Non-Commercial Claims are irrelevant as a matter of law, and the Court should grant Cigna's Motion.

## ARGUMENT

Plaintiffs' opposition is flawed for at least five reasons.  First, Plaintiffs are wrong that Cigna seeks irrelevant information.  In determining the reasonable value of medical services, Tennessee courts do not narrowly circumscribe that inquiry to just commercial payor amounts; they consider a broad and open-ended "range of evidence."  (Mot. at 5-7; *Bristol I*, 2017 WL

1

9808013 at \*1-2.)  That is why in *Bristol*, the court denied motions in limine that sought to exclude evidence of plaintiff-provider's Medicaid rates with a payor other than the defendant, as well as evidence of defendant-payor's rates for other similarly situated providers.  *Bristol I*, at \*1-2.

Plaintiffs have no answer to this.  They contend that *Bristol* is inapposite because it involved patients covered by Medicaid.  (Opp. at 5.)  But in holding that "a range of evidence is probative on what constitutes a reasonable value," *Bristol* followed *River Park Hosp., Inc. v. BlueCross BlueShield of Tenn., Inc.*, 173 S.W.3d 43, 60 (Tenn. Ct. App. 2002), which in turn held that many factors—including "in-network" and "out-of-network" rates, "industry custom," and "other[] [factors] that may be pertinent"—may all be considered in calculating the "reasonable rate" for OON emergency services.  *Id.*  And in discussing "reasonable value" factors, neither *River Park* nor *Bristol* made any distinctions between private and government insurance.

Nor would it make sense to do so.  Statutory amounts are plainly probative of what the legislature that set those rates considered to be reasonable reimbursement for medical services. This is why courts in other states have held that the reasonable value of a hospital's services should be calculated through a broad range of evidence (same as Tennessee), including government rates specifically.  Mot. at 7-8; *e.g.*, *Children's Hosp. Central Cal. v. Blue Cross of Cal.*, 226 Cal. App. 4th 1260, 1274, 1277-78 (2014) ("a wide variety of evidence" is permitted in a quantum meruit case, and "all rates that are the result of contract or negotiation, ***including rates paid by government payors***, are relevant to the determination of reasonable value" of a hospital's services).

Thus, the proper approach is to do exactly what *Bristol* did:  allow this discovery to enable Cigna to argue why these other payment sources are probative of the "reasonable value" of Plaintiffs' OON emergency services, and to let Plaintiffs explain why they disagree.  2017 WL 9808013, at \*2 ("The evidence is relevant and can be explained by the parties.").  The answer

2

certainly is not—as Plaintiffs suggest—for this Court to find that Non-Commercial payment

amounts are irrelevant as a matter of law to this inquiry.  No Tennessee court has so held, and this

federal Court sitting in diversity jurisdiction should not create new Tennessee law.[1]

Nor can Plaintiffs distinguish *Bristol* by arguing that non-commercial payor rates there

were "persuasive **because** the patients were covered by Medicaid."  (Opp. at 5 (emphasis in

original) (citing *Bristol Anesthesia Servs., P.C. v. Carilion Clinic Medicare Res., LLC*, 2018 WL

1512932 ("*Bristol II*"), at \*9, n.6 (E.D. Tenn. Mar. 26, 2018), *as amended* (Mar. 30,

2018), *amended,* 2018 WL 2976289 (E.D. Tenn. June 13, 2018).)  *Bristol II* said that government

rates were "completely persuasive here precisely because the 'class of patients' at issue[] are

'covered under Medicaid.'"  *Bristol II*, 2018 WL 1512932, at \*9, n.6.  But Plaintiffs' inverse

conclusion—that if no government insurance is involved, then government rates are not relevant—

does not follow.

Second, Plaintiffs try to distinguish several of Cigna's cases because they address the

reasonableness of providers' billed ***charges***, not payments.  (Opp. at 6.)  This is also unavailing.

There is indeed a big difference between billed charges and payments, but Plaintiffs' theory here

is that "75% of [their] ***billed charges***" was a "reasonable rate" for their OON emergency services.

(Compl., ECF No. 1 ¶ 63.)  Given this theory, Cigna is entitled to discovery to test whether this

75%-of-billed-charges amount is indeed a "reasonable" rate—including by obtaining discovery to

evaluate what percentage of their billed charges the Hospitals accept from other payment sources

---

[1] Plaintiffs cite *Dedmon v. Steelman*, 535 S.W.3d 431, 451-53 (Tenn. 2017) to argue that there are differences in reimbursements from commercial insurance, government payors, and the uninsured. (Opp. at 6.)  This is irrelevant, since *Dedmon* did not address "reasonable value" under Tennessee law; instead, it observed there may be differences between providers' ***billed charges*** and the amounts of ***reimbursement*** they agree to accept. *Id.* at 452.  Again, if there are in fact any such differences here (*e.g.*, if Plaintiffs are willing to accept more of a discount off billed charges from uninsured patients than from Cigna), Cigna obviously needs discovery to test those differences.

(like uninsured patients or government payors). That is just what *Bristol I* contemplated when it said that Tennessee has "no fixed formula" for reasonable value. 2017 WL 9808013, at \*1.

Third, Plaintiffs' reliance on *Baker County Medical Services., Inc. v. Aetna Health Management, LLC*, 31 So. 3d 842 (Fla. Dist. Ct. App. 2010)—a case interpreting a **Florida** statute—is entirely misplaced. (Opp. at 7-8.) *Baker County* addressed the meaning of the phrase "usual and customary provider charges" under Fla Stat. § 641.513(5), interpreting it to mean the "fair market value of the services provided," which it defined as the "price that a willing buyer will pay and a willing seller will accept in an arm's-length transaction." 31 So. 3d at 845. This case has nothing to do with that Florida statute. Instead, Plaintiffs contend that they are owed the "reasonable" value for their OON emergency services under Tennessee common law.

Tennessee courts have never held that "reasonable" value of a medical service only means the price from an arm's-length transaction. Plaintiffs' own *Dedmon* case from the Supreme Court of Tennessee observed the opposite, in fact, explaining that: "medical expenses *cannot* be valued in the same way one would value a house or a car, pegging the 'reasonable value' at the fair market value, that is, the amount a buyer is willing to pay," given that "[h]ealth care services are highly regulated and rates are skewed by countless factors." 535 S.W.3d at 461. Thus, unlike Florida, Tennessee cases hold that reasonable value should be determined from a "range of evidence," with "no fixed formula." *Bristol I*, 2017 WL 9808013 at \*1; *see River Park. Hosp.*, 173 S.W.3d at 60 (directing trial court to take into account a broad range of "factors . . . that may be pertinent" to the "reasonable rate" inquiry). Plaintiffs' "fair market value" standard—based on *Baker County*'s interpretation of a Florida statute—is not only irrelevant, but inconsistent with Tennessee law.

Fourth, Plaintiffs contend that the amounts they collect from uninsured patients are not relevant because those patients "frequently pay little, if any" of the billed amounts. (Opp. at 3.)

4

This is another assertion that Cigna is entitled to test with discovery, such as Plaintiffs' policies for such self-pay patients, as well as claims data that shows what those patients actually pay.

Finally, the Court need not entertain Plaintiffs' bald assertion that having to produce this discovery would supposedly involve "significant burdens." (Opp. at 3, 5.) Plaintiffs offer zero specifics to explain *why* that is the case, and a "general statement that discovery is unduly burdensome, without more, is simply not enough to prohibit discovery of otherwise relevant information." *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 311 (W.D. Tenn. 2008); *see also, e.g.*, *Bros. Trading Co., Inc. v. Goodman Factors*, 2016 WL 9781140, at *1 (S.D. Ohio Mar. 2, 2016) (district courts in Sixth Circuit require resisting party "to demonstrate *with specificity* that a discovery request is unduly burdensome."); *Gipson Mech. Contractors, Inc. v. U.A. Loc. 572 of the United Ass'n.*, 2020 WL 8254820, at *3 (M.D. Tenn. Apr. 10, 2020) (following *Anderson* and finding a party's assertion that discovery was "burdensome" and "would take countless hours" to produce to be "insufficient to establish undue burden.").

Plaintiffs' vague complaints about burden are overstated in any event. As Cigna repeatedly said over the course of the parties' meet-and-confers, the documents and data Cigna seeks here should be readily available in central repositories and do not require extensive custodial searches. (Mot. at 5.) Plaintiffs never dispute this point with any substance. In fact, the parties have *already exchanged* this paid-claims information for commercial claims, and the burden of Plaintiffs producing additional categories of the same information will be minimal.

## CONCLUSION

Cigna respectfully requests that the Court grant its Motion to Compel Discovery.

5

Dated: June 7, 2022                **BUTLER SNOW LLP**

                By:      */s/* Andre B. Mathis
                            Andre B. Mathis (#26458)
                            andre.mathis@butlersnow.com
                            6075 Poplar Ave, Suite 500
                            Memphis, TN 38119
                            T: 901.680.7299 | F: 901.680.7201

                            **MCDERMOTT WILL & EMERY LLP**
                            Joshua Simon (admitted *pro hac vice*)
                            jsimon@mwe.com
                            Warren Haskel (admitted *pro hac vice*)
                            whaskel@mwe.com
                            Dmitriy Tishyevich (admitted *pro hac vice*)
                            dtishyevich@mwe.com
                            Halle Landsman (admitted *pro hac vice*)
                            hlandsman@mwe.com
                            John J. Song (admitted *pro hac vice*)
                            jsong@mwe.com
                            Michael Murray (admitted *pro hac vice*)
                            mmurray@mwe.com
                            One Vanderbilt Ave
                            New York, NY 10017
                            T: 212.547.5533 | F: 646.390.2958

                            *Counsel for Defendant Cigna Health and Life*
                            *Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **June 7, 2022** a copy of the foregoing was electronically filed with the Clerk of Court by using the Court's CM/ECF system, which will send a Notice of Electronic Filing to the parties listed on the Service List below:

/s/ Andre B. Mathis
Andre B. Mathis

## SERVICE LIST

**J. Blake Carter**
blake@getclawfirm.com
**Chris J. Tardio**
chris@getclawfirm.com
GIDEO, ESSARY, TARDIO & CARTER, PLC
315 Deaderick Street, Suite 110
Nashville, TN 37238
Telephone: 616.254.0400

**Alan D. Lash**
alash@lashgoldberg.com
**Justin C. Fineberg**
jfineberg@lashgoldberg.com
**Greg J. Weintraub**
gweintraub@lashgoldberg.com
**Emily L. Pincow**
epincow@lashgoldberg.com
**Justin C. Fineberg**
jfineberg@lashgoldberg.com
**Jonathan E. Siegelaub**
jsiegelaub@lashgoldberg.com
**William E. Baldwin**
wbaldwin@lashgoldberg.com
**Ashley P. Singrossi**
asingrossi@lashgoldberg.com
LASH & GOLDBERG LLP
Miami Tower
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
Telephone: 305.347.4040
Facsimile: 305.347.4050

*Counsel for Plaintiffs*

7